# EXHIBIT A-3

**EXHIBIT A-3**

DATE FILED: February 1, 2021 5:34 PM
FILING ID: A26FD1C985C6E
CASE NUMBER: 2021CV30001

| | |
|---|---|
| DISTRICT COURT, COUNTY OF SAN JUAN<br>1557 Greene Street<br>Silverton, CO 81433<br>Phone: 970-387-8040 | |
| Cascade Village Community Association, a Colorado nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>American Family Mutual Insurance Company, a Wisconsin corporation<br><br>Defendant. | ▲COURT USE ONLY▲ |
| **ATTORNEYS FOR PLAINTIFF:**<br><br>Thomas W. Henderson, Reg. No. 16892<br>Nelson P. Boyle, Reg. No. 39525<br>Burg Simpson Eldredge Hersh & Jardine, P.C.<br>40 Inverness Drive East<br>Englewood, Colorado, 80112<br>Phone No.:     (303) 792-5595<br>Fax No.:         (303) 708-0527<br>Email:           thenderson@burgsimpson.com<br>                      nboyle@burgsimpson.com | Case No.<br><br>Ctrm/Div: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Cascade Village Community Association, a Colorado nonprofit corporation, by and through its undersigned counsel, herewith states and avers the following as its Complaint and Jury Demand against Defendant, American Family Mutual Insurance Company, a Wisconsin corporation:

### I.    Parties

1.   Plaintiff, Cascade Village Community Association ("Cascade Village"), is a Colorado nonprofit corporation with its principal place of business located in San Juan County, Colorado.

2. Defendant, American Family Mutual Insurance Company ("American Family"), is a Wisconsin corporation that is authorized to transact insurance business in Colorado.

## II.  Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9, as the court of general jurisdiction for the State of Colorado.

4. This Court has personal jurisdiction over American Family because it is authorized to transact insurance business and does transact insurance business in Colorado.

5. Venue is proper in the County of San Juan pursuant to C.R.C.P. 98(c)(1), because Plaintiff Cascade Village's principal place of business is in the County of San Juan.

## III.  General Allegations

6. Cascade Village incorporates herein, as if fully set forth, all allegations set forth elsewhere in this Complaint.

7. Cascade Village owns certain property, including the roofs, skylights and other property at the condominiums and townhomes located at Cascade Village (hereinafter, "the Property").

8. Cascade Village insured the Property pursuant to an insurance policy issued by American Family, which policy included insurance coverage on a replacement cost basis for the Property that was assigned Policy Number 05XZ5872-19, with effective dates of July 1, 2018 to July 1, 2019 (hereinafter, "the Policy").

9. The Policy provided all risks coverage for the Property, except as excluded or limited.

10. During the winter of 2019, several large snowstorms struck the area where the Property is located, depositing feet of snow on the roofs.

11. Due to the dangers posed by the weight of snow and ice, and also ice damming, Cascade Village hired local snow removal companies to use their best efforts to remove the snow and ice these storms repeatedly left behind.

12. American Family expressly warned Cascade Village in a "risk prevention report" to be vigilant about removing heavy snow and ice in an effort to avoid damage from weight of snow and ice and ice damming.

13. In spite of Cascade Village's efforts, the weight of snow and ice and ice damming from the winter snow storms in 2019 caused significant damage to the roofs at the property.

2

14. As a result of the damage from the weight of snow and ice and ice damming, the condominium and townhome roofs at the Property need to be replaced.

15. Damage to the roofs at the Property caused by and/or resulting from the weight of snow and ice and ice damming is a Covered Cause of Loss under the Policy.

16. Cascade Village made a claim to American Family under the Policy for the replacement cost of the roofs to the condominiums and townhomes, in the amount of $1,361,975.

17. Cascade Village has satisfied all conditions precedent to making its claim for the replacement costs of the condominium and townhome roofs at the Property.

18. American Family's original adjuster, Joe Pace, inspected the roofs at the Property in July of 2019, at which time this adjuster concluded that the roofs at the Property needed to be replaced due to damage from weight of snow and ice and ice damming.

19. In an email dated February 26, 2020, a different American Family adjuster agreed that the original adjuster "did in fact recommend that the roofs on the property needed to be replaced."

20. In the same February 26, 2020 email, the American Family adjuster agreed that "the policy does offer coverage for damages related to weight of snow and ice."

21. In a letter dated August 26, 2020 to Cascade Village's representative, American Family agreed that Cascade Village's weather-related storm damage and ice-dam damage to its roofs is covered under the Policy.

22. In spite of American Family's agreement that the roofs at the Property needed to be replaced, and that the Policy does provide coverage for damages related to weight of snow and ice and ice damming, American Family denied Cascade Village's entire claim in a letter dated July 22, 2019.

23. Cascade Village challenged American Family's denial, asserting American Family should pay for the replacement cost of the condominium and townhome roofs at the Property.

24. American Family then hired professional engineer, John Peterson, to investigate the claimed damage to the roofs at the Property.

25. Mr. Peterson inspected the shingles on the roofs at the Property in mid-November of 2019.

26. In the American Family adjuster's February 26, 2020 email, he conceded that Mr. Peterson examined the shingles in detail and "his initial thought is the tears to the shingles were very consistent with snow and ice related damage."

3

27. During American Family's inspection of the roofs in mid-November of 2019, it was the opinion of its specially hired engineer, Mr. Peterson, that the roofs had suffered tears consistent with snow and ice related damage and needed to be replaced.

28. In early December of 2019, American Family's adjuster conveyed to Cascade Village's representative that, following his inspection with the engineer in mid-November 2019, he was confident American Family and Cascade Village would reach an agreement and find a reasonable resolution to the roof replacement claim.

29. In late December of 2019, shortly after receipt of the engineer's report, the American Family adjuster advised Cascade Village's representative that American Family believed roof replacement for the subject buildings (condominiums and townhomes) were proper given the damages the adjuster observed during his mid-November 2019 inspection.

30. American Family refused to disclose the engineer's report to Cascade Village until after American Family's "committee for the claim" had met and reviewed the report and discussed Cascade Village's claim.

31. In a By letter dated January 15, 2020, American Family agreed that the condominium and townhome roofs at the Property needed to be replaced, but only agreed to pay for some of the cost to replace the roofs; specifically, only 10% of the replacement cost for the condominium and townhome roofs.

32. American Family paid $132,151.58 on an actual cash value basis, calculated as $167,254 for replacement cost (10% of what American Family determined to be the replacement cost of the condominium and townhome roofs), less $30,102.42 for depreciation, less $5,000 for the deductible.

33. American Family claims that 90% of the need to replace the condominium and townhome roofs is loss or damage: (1) "caused directly or indirectly by "wear and tear" or "mechanical breakdown" "regardless of any other cause or event that contributes concurrently or in any sequence to the loss;" and (2) caused by or results from "faulty, inadequate or defective workmanship."

34. American Family's denial of coverage for the roof damage at the Property are improper and without a reasonable basis, including because:

    a. The roofs need to be replaced entirely because of damage caused by and/or resulting from the weight of snow and ice and ice damming, which American Family agrees is a Covered Cause of Loss;

    b. There are no applicable exclusions;

  c. There is no exclusion in the Policy for loss or damage caused directly or indirectly by wear and tear or mechanical breakdown "regardless of any other cause of event that contributes in any sequence to the loss";

  d. Even if the wear and tear and mechanical damage exclusion that does exist in the Policy did apply (which it does not), the exception to that exclusion for loss resulting in a "Covered Cause of Loss" (which includes "weight of snow [and] ice") operates to negate this exclusion; and,

  e. Even if the faulty inadequate or defective work exclusion did apply (which it does not), the exception to that exclusion for loss or damage caused by a Covered Cause of Loss (which includes weight of snow and ice and ice damming) operates to negate this exclusion.

35. Cascade Village has been forced to hire legal counsel to assist it in obtaining the benefits owed under the Policy

36. American Family owes to Cascade Village the replacement cost benefits provided in the Policy for the condominium and townhome roofs at the Property.

### IV. First Claim for Relief
(Breach of Contract)

37. Cascade Village incorporates herein, as if fully set forth, all allegations set forth elsewhere in this Complaint.

38. The Policy is a contract under which American Family agreed to pay, on a replacement cost basis, for, among other things, direct physical loss caused by weight of snow and ice and ice damming to the condominium and townhome roofs at the Property.

39. The roofs of the condominiums and townhomes at Cascade Village suffered direct physical loss, necessitating their removal and replacement, as a result of the weight of snow and ice and ice damming from repeated storms during the winter of 2019.

40. American Family breached the Policy by failing to pay and/or failing to pay the full amount owed for the replacement cost for the condominium and townhome roofs at the Property.

### V. Second Claim for Relief
(Statutory Delay/Denial; Violation of C.R.S. §§ 10-3-1115 & 1116)

41. Cascade Village incorporates herein, as if fully set forth, all allegations set forth elsewhere in this Complaint.

42. Cascade Village is a "first-party claimant", as defined in C.R.S. § 10-3-1115.

43. Under the Policy, American Family owes benefits to Cascade Village for the repair, actual cash value, and replacement costs of the damage to the condominium and townhome roofs at the Property.

44. American Family has unreasonably failed to pay the benefits owed to Cascade Village and has unreasonably denied and/or ignored its obligation to pay the benefits owed to Cascade Village, without a reasonable basis.

45. American Family's failure to pay to Cascade Village the benefits owed under the Policy violates C.R.S. § 10-3-1115, thereby entitling Cascade Village to the remedies included in C.R.S. §10-3-1116, including two times the covered benefit, costs and attorney's fees.

## VI.    Third Claim for Relief
(Common Law Bad Faith)

46. Cascade Village incorporates herein, as if fully set forth, all allegations set forth elsewhere in this Complaint.

47. American Family owed and continues to owe its policyholder, Cascade Village, the duty of good faith and fair dealing when investigating, evaluating and paying for the losses suffered as a result of the weight of snow and ice and ice damming during the winter of 2019.

48. American Family breached and continues to breach this duty by, among other things, engaging in one of more of the following acts, some of which are considered Unfair Claim Settlement Practices pursuant to C.R.S. §10-3-1104(1)(h):

   a.    unreasonably failing to pay Cascade Village's claim;

   b.    unreasonably failing to properly construe the Policy;

   c.    unreasonably failing to make payments in a reasonable and timely manner;

   d.    misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue [C.R.S. §10-3-1104(1)(h)(I)];

   e.    failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy [C.R.S. §10-3-1104(1)(h)(II)];

   f.    failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies [C.R.S. §10-3-1104(1)(h)(III)];

   g.    refusing to pay claims without conducting a reasonable investigation based upon all available information [C.R.S. §10-3-1104(1)(h)(IV)];

  h. not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear [C.R.S. §10-3-1104(1)(h)(VI)];

  i. compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds [C.R.S. §10-3-1104(1)(h)(VII)];

  j. failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement [C.R.S. §10-3-1104(1)(h)(XIV)];

  k. failing to act reasonably in the adjustment and resolution of Cascade Village's claim, when American Family was aware or should have been aware of its negligence;

  l. failing to comply with reasonable standards in connection with the investigation, resolution, and adjustment of Cascade Village's claim;

  m. unreasonably denying or failing to affirm coverage for Cascade Village's claim within a reasonable time after investigation;

  n. ignoring reasonably available facts, including without limitation, the inapplicability of exclusions to the claims and inaccurate statements regarding the roofs and damage to them; and,

  o. relying on a standard that is not found in the Policies to deny Plaintiff's claims.

  49. American Family's breach of the duty of good faith and fair dealing was unreasonable and was action taken by American Family either knowing it was unreasonable, or in reckless disregard of the fact its action was unreasonable.

  50. American Family's breach of the duty of good faith and fair dealing has caused Cascade Village damages, including loss of funds, delays in making repairs, loss of property value, and other damages.

  51. American Family's actions were willful, wanton and in reckless disregard for the rights and feelings of Cascade Village.

  **WHEREFORE**, Cascade Village prays this Honorable Court to:

  1. Enter judgment in favor of Cascade Village and against American Family for its losses and damages resulting from American Family's failure to honor the terms of the Policy and Colorado law; for its attorney's fees; and, for other bad faith damages;

2. Award the remedies provided in C.R.S. § 10-3-1116(1), including the actual damages of two times the amount of the covered benefit, plus attorney's fees and costs;

3. Award prejudgment and post-judgment interest and costs; and

4. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

**CASCADE VILLAGE DEMANDS A TRIAL BY A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 2nd day of February 2021.

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
*(Original signed copy on file at the law offices*
*of Burg Simpson Eldredge Hersh & Jardine, P.C.)*

*/s/ Thomas W. Henderson*
Thomas W. Henderson, Reg. No. 16892
Nelson P. Boyle, Reg. No. 39525

ATTORNEYS FOR PLAINTIFF

Plaintiffs' Address:
50827 US Hwy 550 N
Durango, CO 81301

8